IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JERRY LEN GOREHAM, | ) | CASE NO. BK09-80917-TLS |
| | ) | |
| Debtor(s). | ) | CH. 7 |

<u>ORDER</u>

Hearing was held in Omaha, Nebraska, on July 6, 2009, on the Chapter 7 trustee's objection to exemptions (Fil. #14) and resistance by the debtor (Fil. #17). Richard Register appeared for the debtor and Richard D. Myers appeared as the Chapter 7 trustee.

Subsequent to the hearing, Mr. Register provided the court with an affidavit from the debtor setting forth some of the details of the state court record in the underlying litigation (Fil. #21). Both parties were given the opportunity at the hearing to submit their legal positions in writing, with citations to state or federal law supporting their arguments, and deadlines were set for those filings. Subsequently, Mr. Register requested and received an extension of time to file his brief, expressing his desire to provide helpful information to the court as it considered the objection. Each party was then given a new briefing deadline, but those deadlines came and went with no additional submissions from either party. Presumably, Mr. Myers believed his obligation to brief the matter was contingent upon the receipt of Mr. Register's brief. Accordingly, the findings and conclusions in this order are premised upon the results of the court's own legal research, conducted without guidance from either party.

The question before the court is the extent to which a debtor may claim an exemption in funds which constitute a pre-petition preferential transfer.

In January 2009, Atlantic Credit & Finance, Inc. ("ACF"), obtained a judgment of $7,779.53 plus costs against the debtor in the County Court of Dodge County, Nebraska. That court issued a summons and order of garnishment in aid of execution, with attached interrogatories, directed to Fremont National Bank & Trust Company on March 27, 2009. The summons was served on the bank on April 3, 2009. The bank's answers to the interrogatories, showing that it held $3,326.84 of the debtor's property, were filed on April 7, 2009. The bank also issued a cashier's check in that amount to ACF on April 6, 2009. Upon receipt of the answers to interrogatories, ACF's attorney filed an application for an order to deliver non-exempt funds on April 8, 2009. The court entered that order on April 10, 2009, directing the garnishee to transfer $3,326.84 to the court for distribution to the judgment creditor.

On the same date, April 10, 2009, the debtor filed this Chapter 7 proceeding. The state court case was stayed. Richard Myers was appointed as Chapter 7 trustee for the case on April 18, 2009. In the bankruptcy schedules, the debtor claims $1,990 of the garnished funds as exempt under Neb. Rev. Stat. § 25-1552.

On April 20, 2009, the debtor filed an adversary proceeding against ACF to recover the garnishment, alleging that it was a preferential transfer and that some of the funds are exempt. The trustee then objected to the claimed exemption in the funds because the "recovery of preferential transfers is, by statute, preserved for the bankruptcy estate and the debtor is not able to claim an exemption against such an asset." ACF surrendered the garnished funds to the trustee and the adversary proceeding was dismissed in July 2009.

The issues raised in this case involve the potentially messy collision of state garnishment and exemption law and federal bankruptcy law. However, the competing interests of the debtor in the exemption of assets and the trustee in the recovery of assets for the benefit of the estate's creditors can be resolved by a careful reading of applicable caselaw.

First, from a bankruptcy perspective, the garnishment of the debtor's bank account appears to be a preferential transfer under 11 U.S.C. § 547(b).[1] The trustee has the authority to pursue the recovery of such transfers, id., and any transfer so avoided is preserved for the benefit of the estate. §§ 550, 551.

Second, in certain situations, the debtor has standing to pursue the avoidance of preferential transfers. If the property would have been exempt and was not voluntarily transferred, and if the trustee does not seek avoidance, the debtor may avoid the preferential transfer for the benefit of the debtor under § 522(g) and (h). Wade v. Midwest Acceptance Corp. (In re Wade), 219 B.R. 815, 819 (B.A.P. 8th Cir. 1998). Section 522(g) permits a debtor to exempt property recovered by the trustee under § 551 to the extent the debtor could have exempted the property had it not been transferred.[2]

---

[1](b) [T]he trustee may avoid any transfer of an interest of the debtor in property —
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made —
        (A) on or within 90 days before the date of the filing of the petition;
        . . .
    (5) that enables such creditor to receive more than such creditor would receive if —
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

[2]Section 522(g) states, in relevant part:
(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section

(continued...)

Therefore, the simple fact that the funds represent the recovered proceeds of a preferential transfer does not preclude the debtor from claiming an exemption in them.

Third, Nebraska law is clear that a debtor may claim a personal property exemption in garnished funds under Neb. Rev. Stat. § 25-1552 if the claim is made prior to entry of a judgment "adjudicat[ing] the rights of the parties to the money in controversy and direct[ing] the payment of a stated amount thereof to the creditor." Scottsbluff Nat'l Bank v. Pfeifer, 254 N.W. 494 (Neb. 1934); ARL Credit Servs., Inc. v. Piper, 736 N.W.2d 771, 776 (Neb. Ct. App. 2007). "'Whether property in the hands of a garnishee is exempt or not is to be determined as of the date of the service of the garnishee summons.'" Piper, 736 N.W.2d at 776 (quoting Pfeifer, 254 N.W. at 495 and Wilcox & Co. v. Deines, 230 N.W. 682 (1930)).

In the present case, the garnishee summons was served on the bank on April 3rd, so that is the relevant date for determining whether the garnished funds, or any portion thereof, would have been exempt. The debtor should have, but evidently did not, receive notice of the garnishment, so it is unclear when the time for exercising his statutory[3] right to request a hearing and claim an

---

[2](...continued)
510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if —
    (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
        (B) the debtor did not conceal such property[.]

Section 522(g) refers to property that may be exempted under § 522(b), which broadly covers property exemptible under both state and federal law. Section 522(b)(1) permits an individual debtor to exempt:

    (2) Property . . . that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize [or]
    (3) Property . . . that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place[.]

See § 522(b)(2) and (3)(A).

[3]See Neb. Rev. Stat. § 25-1030.03:

(continued...)

exemption in the funds would have run. In any event, the Dodge County Court had not issued a judgment on the garnishment before this bankruptcy case was filed.

Therefore, because the debtor could have claimed a valid exemption in these funds either in the garnishment proceeding, or absent the garnishment, in his bankruptcy case (assuming the funds remained in his bank account on the petition date), the intervening preferential transfer does not affect his ability to now claim a personal property exemption in the recovered funds in the hands of the trustee.

IT IS ORDERED: The Chapter 7 trustee's objection to exemptions (Fil. #14) is overruled.

DATED:    September 16, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Richard D. Myers
    Richard Register
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[3](...continued)
**25-1030.03. Garnishment; ownership of property; intervention; trial**
    Any person claiming ownership of any money or property sought to be reached in the possession or under the control of the garnishee as the property of the defendant in the original action may intervene in the garnishment proceedings by a suitable pleading and set up facts showing that the debt or the property with which it is sought to charge the garnishee is the property of such intervenor. The defendant in the original action may by a suitable pleading filed in the garnishment proceedings set up facts showing that the debt or the property with which it is sought to charge the garnishee is (1) exempt from execution, or (2) for any other reason is not liable for plaintiff's claim. If issue on such intervention or on such pleading by the defendant in the original action is joined by the plaintiff, it shall be tried with the issues as to the garnishee's liability. If such debt or property or any part thereof is found to be the property of the intervenor, or is found to be exempt or not liable, the garnishee shall be discharged as to that part which is exempt or not liable.